NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4266
_____

B&M AUTO SALVAGE AND TOWING, LLC,
d/b/a E-Z JOE'S USED AUTO PARTS, LLC;
ROBERT HOFFMAN; MICHELE HOFFMAN,

Appellants

v.

TOWNSHIP OF FAIRFIELD; RICHARD DEVILLASANTA;
GENEVA GRIFFIN
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-11-cv-02107
District Judge: The Honorable Joseph E. Irenas

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 18, 2014

Before: SMITH, HARDIMAN, and BARRY, *Circuit Judges*

(Filed: December 18, 2014)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Circuit Judge.*

This civil rights action arises out of a delay in the issuance by Fairfield Township, New Jersey, of the 2009 annual business license to Robert and Michelle Hoffman, who owned and operated B & M Auto Salvage and Towing, LLC, doing business as E-Z Joe's Used Auto Parts, LLC (collectively referred to as the Hoffmans). According to the Hoffmans, they purchased E-Z Joe's in December of 2007 and obtained a business license in March of 2008. The issuance of the 2009 business license, however, was delayed. As a result, the Hoffmans asserted that they were unable to sell E-Z Joe's by the closing date established by an agreement of sale they had entered into with a third party.

Thereafter, the Hoffmans filed this civil action in the United States District Court for the District of New Jersey, asserting both federal and state law claims. The Hoffmans asserted that they had been deprived of their substantive and procedural due process rights in violation of the Fourteenth Amendment. In addition, the Hoffmans alleged that the Township and Richard DeVillasanta, the Township's Clerk and Administrator, were liable under state law for negligent retention and supervision of an employee, namely Geneva Griffin, the Township's Deputy Clerk. The Hoffmans also asserted against the Township, DeVillasanta, and Griffin a claim of tortious interference with their contract of sale. After discovery, the District Court granted summary judgment in favor of the Township,

DeVillasanta, and Griffin. This timely appeal followed.[1]

We will not disturb the District Court's grant of summary judgment on the procedural due process claim.[2] "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted). The business license at issue required the submission of an annual application and payment of the proper fee. Although the Hoffmans submitted an initial check for $150.00 with the application, the required fee was $200.00. Once the balance of the fee was paid in April of 2009, the application was reviewed, investigated, and issued. Indeed, the Hoffmans acknowledge in their brief that "[t]he Township, when presented with the application, approved it almost immediately." Appellants' Br. at 19.

Nor is there any basis for setting aside the grant of summary judgment on the negligent supervision and retention of Griffin as an employee. In *Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982), the New Jersey Supreme Court "recognize[d] the tort of negligent . . . retention of an incompetent, unfit or dangerous

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary. *Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 175-76 (3d Cir. 2013). Summary judgment is properly granted when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[2] The Hoffmans concede that the substantive due process claim lacks merit and therefore we need not discuss that claim.

employee[.]" The Court instructed that "[a]n employer will only be held responsible for the torts of its employees beyond the scope of the employment where it knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons." *Id.*

The Hoffmans do not take issue with the District Court's determination that the Township and its officials did not know of Griffin's alleged dangerous attributes. Instead, they assert that the District Court erred by failing to consider certain evidence that demonstrated the employer should have known of Griffin's "dangerous attributes." We are not persuaded. The evidence cited does not establish that the Township should have known that Griffin was a dangerous employee, posing a risk of harm to the public.

Finally, we consider the Hoffmans' claim of tortious interference with the contract of sale for E-Z Joe's. We will affirm the District Court's grant of summary judgment. In *Nostrame v. Santiago*, 61 A.3d 893, 901 (N.J. 2013), the New Jersey Supreme Court observed that a tortious interference with contract claim requires establishing that the interference "'caus[ed] the third person not to perform the contract.'" *Id.* (quoting Restatement (Second) of Torts § 766). Here, as the District Court noted, there is no dispute that it was the Hoffmans, not E-Z Joe's potential buyer, who cancelled the contract of sale before it expired. Thus,

4

even assuming there was interference by Griffin, such interference did not cause the cancellation of the sales contract.

For the reasons set forth above, we will affirm.